* * * * * * * * * * *
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Glenn and the briefs and arguments of the parties. The appealing parties have not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award, except for minor modifications.
 * * * * * * * * * * *
The Full Commission finds as a fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. That all parties are properly before the Industrial Commission and the Industrial Commission has jurisdiction over the parties and this claim. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. Plaintiff's average weekly wage will be determined from the evidence and/or a Form 22 to be filed by the defendants.
3. At all time relevant to this matter, an Employer-Employee relationship existed between Employee-Plaintiff and Employer-Defendant.
4. Employer-Defendant was insured by Federated Mutual Insurance Company for workers' compensation at all time relevant herein.
5. Plaintiff contends that she suffered injury by accident to her left knee on December 30, 2003 while in the scope and course of her employment with defendant-employer. Defendants deny that plaintiff sustained an injury by accident while in the course and scope of her employment with defendant-employer.
6. The issues to be determined by the Commission are as follows:
 a) Whether plaintiff sustained an injury by accident while in the course and scope of her employment with defendant-employer?
 b) If so, what, if any, benefits is plaintiff entitled to receive under the North Carolina Workers Compensation Act?
 * * * * * * * * * * *
All stipulations that have been submitted by the parties are hereby incorporated by reference as though they were fully set out herein.
 * * * * * * * * * * *
Based upon all of the competent evidence of record the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff was 38 years old the time of the hearing before the Deputy Commissioner, her date of birth being September 4, 1966.
2. Plaintiff worked as the manager of a convenience store for defendant-employer.
3. On December 30, 2003, plaintiff went outside the store to one of the gas pumps to assist a customer who was having problems with her credit card. Plaintiff hurriedly re-entered the store to turn on the remaining gas pumps for other customers who were attempting to get some gas. As plaintiff came around the counter, she twisted her knee at which time she heard it "pop" and felt pain in her left knee.
4. Later that day plaintiff noticed that her left knee had begun to swell and the pain worsened. After talking to a store manager of a different store, plaintiff completed an incident report of the occurrence.
5. Plaintiff was seen and treated by Dr. James Taylor, her family physician, on January 2, 2004 at which time she told him that she had hurt her left knee while "she was running out of the rain three days prior and turned sharply to the left, felt a popping, painful sensation in the back of her left knee."
6. Dr. Taylor diagnosed plaintiff's condition as a knee strain and he treated with conservative means. When plaintiff's condition did not improve, he referred her to Dr. Richard J. Alioto.
7. Dr. Alioto initially saw and treated plaintiff on February 3, 2004. Dr. Alioto treated plaintiff's left knee initially by injection. When that did not improve her condition, he performed surgery on or about March 26, 2004. Thereafter, plaintiff's left knee gradually improved and she was allowed to return to work with restrictions after missing two weeks from work.
8. Dr. Alioto was of the opinion that it would take from six months to a year before plaintiff would reach maximum medical improvement. Dr. Alioto gave plaintiff a 7% permanent partial disability rating of the left knee as a direct result of the injury she sustained.
9. Plaintiff returned to her regular job and remains in the same position. While plaintiff was out of work due to her injury, defendant-employer paid plaintiff her normal salary.
 * * * * * * * * * * *
Based on the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
Plaintiff did not suffer an injury by accident while in the course and scope of her employment with defendant-employer since she has failed to show that the injury sustained was the result of an interruption of her normal work routine. Thus, plaintiff has failed to prove by the greater weight of the evidence that plaintiff is entitled to recover any workers' compensation benefits in this matter. N.C. Gen. Stat. § 97-2(6).
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim for workers' compensation benefits must under the law be and is hereby DENIED.
2. Each side shall pay their respective cost.
This the 31st day of January 2006
 S/________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/________________ LAURA K. MAVRETIC COMMISSIONER
 S/____________________ BERNADINE S. BALLANCE COMMISSIONER